09-0594-ag
Palma-Carcamo v. Holder

BIA
Morace, IJ
A097 834 466

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of January, two thousand ten.

PRESENT:
>       JON O. NEWMAN,
>       ROBERT A. KATZMANN,
>       BARRINGTON D. PARKER,
>               *Circuit Judges*.

_____

VICTOR MANUEL PALMA-CARCAMO,
>       *Petitioner*,

>       v.                                    09-0594-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent*.

_____

FOR PETITIONER:        Anne Pilsbury, Brooklyn, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Civil Division; Ethan B. Kanter, Senior Litigation Counsel; Jeffrey L. Menkin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Victor Manuel Palma-Carcamo, a native and citizen of El Salvador, seeks review of a February 24, 2009 order of the BIA, affirming the February 20, 2007 decision of Immigration Judge ("IJ") Philip Morace, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re V-P-*, No. A097 834 466 (B.I.A. Feb. 24, 2009), *aff'g* No. A097 834 466 (Immig. Ct. N.Y. City Feb. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and the IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

While the BIA's and IJ's decisions were not without error,* substantial evidence remains to support the agency's adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (finding that the Court need not remand, despite errors in the agency's decision, where doing would be futile, i.e., when the Court can "'confidently predict' that the agency would reach the same decision absent the errors that were made.").

The IJ reasonably found it implausible that the same individuals who attempted to kill Palma-Carcamo on multiple occasions would have asked him to carry out investigations of the members of left-wing political groups, covertly deliver arms, transport explosives to Cuba, and carry out bombings in Guatemala. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (finding where "the reasons for [the IJ's]

---

*For example, the IJ improperly relied on the omission of an immaterial fact from Palma-Carcamo's asylum application in making his adverse credibility determination. *Heui Soo Kim v. Gonzales*, 458 F.3d 40, 47 (2d Cir. 2006).

incredulity are evident," the implausibility finding is supported by substantial evidence.) As the IJ found, Palma-Carcamo also testified inconsistently as to the dates he was allegedly threatened by Cisneros from a car window and omitted from his asylum application a death threat he allegedly received following his refusal to resign from his position in the weapons registry. Even if less than dramatic, the IJ was entitled to rely on the cumulative effect of these discrepancies. *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006); *In re A-S-*, 21 I. & N. Dec. 1106, 1112 (BIA 1998). Moreover, no reasonable fact-finder would have been compelled to accept Palma-Carcamo's explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Because substantial evidence supports the overall negative credibility finding, *see Xiao Ji Chen*, 471 F.3d at 336, we need not consider the BIA's alternative finding that, even assuming his credibility, Palma-Carcamo failed to meet his burden of proof. Accordingly, the adverse credibility determination necessarily precludes success on Palma-Carcamo's claim for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____